STATE OF IOWA, Appellee, v. ERNEST REED, Appellant.

**CRIMINAL LAW:** Trial—Jury—Disqualifying Opinion. A juror is wholly incompetent when he has formed such an opinion relative to the guilt of the accused as (1) will remain with him throughout the trial, (2) will require contrary evidence to remove, and (3) will prevent the juror from giving the accused the benefit of the presumption of innocence; and prejudice will be presumed on a showing that, proper challenge for cause being overruled, the accused exercised all his peremptory challenges, one of which was against the juror in question. (See Book of Anno., Vol. 1, Sec. 13830, Anno. 18 *et seq.*)

STEVENS, J., dissents.

Headnote 1: 17 C. J. p. 277; 35 C. J. p. 340 (Anno.)

*Appeal from Harrison District Court.*—J. S. DEWELL, Judge.

APRIL 9, 1926.

REHEARING DENIED JUNE 21, 1926.

THE defendant was indicted, tried, and convicted of the crime of murder in the first degree, and appeals.—*Reversed.*

*R. J. Organ* and *William P. Welch,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

FAVILLE, J.—In this case certain jurors were challenged upon the *voir dire,* who showed from their answers that they had formed opinions as to the guilt or innocence of the defendant.

We quote the following, which is the entire record regarding one of these jurors:

"I have heard this case talked about. The party who talked with me stated that he was telling the facts. I also read something in the paper. The article that I read purported to state facts in connection with the shooting,—that is, how it occurred and who did it. The article in the newspaper corresponded with the statement made to me by the party who talked to me about the case. From the talk that I had and the article I read I formed an opinion which has been fixed in my mind, and I still have that opinion. It is such an opinion as would require evidence to the contrary to remove. I would have to hear evidence from some witnesses different from what I have already heard before I would be willing to change that opinion. If selected as a juror, I would enter the jury box with that opinion in my mind, and that opinion would remain during the trial from the beginning to the end, unless I heard evidence to the contrary. If no evidence contrary to that opinion were introduced, I don't see how I could help from carrying that opinion along during the trial. I don't think that I could enter the trial of this case, knowing what I do about it, and still give the benefit of the presumption of innocence to the defendant.

"Mr. Organ: Juror is challenged for cause for the reason that he claimed to have a fixed opinion as to the guilt or innocence of the defendant. (Challenge overruled. Defendant excepts.)"

This juror was clearly disqualified, under the statute, Section 13830, Code of 1924, of which section Paragraph 11 provides that one ground for challenge in a criminal case is because of the juror's "having formed or expressed such an opinion as to the guilt or innocence of the prisoner as would prevent him from rendering a true verdict upon the evidence submitted on the trial."

The order overruling the challenge cannot be defended. The error is not cured by reason of the fact that appellant exercised his peremptory challenge against the juror. The statute gives a defendant in a criminal case two kinds of challenges, one for cause and one peremptory. One of these classes is as valuable to the defendant as the other. The court has no right to deprive

the defendant of the full number of statutory peremptory challenges given him, by overruling challenges for cause and thus requiring a defendant to use his peremptory challenges against jurors as to whom the challenge for cause should have been sustained.

Appellant herein exhausted all of his peremptory challenges. Under such circumstances, appellant is not required to show that he suffered prejudice by reason of having his challenge for cause overruled, and a disqualified juror left upon his jury. Such prejudice will and should be presumed. The State has not shown that the error was without prejudice. Any other rule would leave a defendant in a position where he might face an entire panel of disqualified jurors, with his proper challenges for cause overruled, and be compelled to exhaust his peremptory challenges upon those who should have been excused for cause, and thereby be left with no peremptory challenges at all. The statute does not permit a defendant to be placed in any such situation. He is entitled, as a matter of law, to his challenges for cause against disqualified jurors, and to still have available to himself his peremptory challenges.

In *State v. Hassan*, 149 Iowa 518, referring to a situation where a juror was challenged for cause and the challenge overruled, we said:

"The juror did not sit on the trial of the case; but, as defendant exhausted all of his peremptory challenges, doubtless the error, had there been one, would have been ground for a reversal."

The character of the offense charged and the circumstances surrounding the trial were such as called for the exercise of care on the part of the trial court in seeing that the trial was conducted in all respects with due regard for the legal rights of the appellant.

In *State v. Teale*, 154 Iowa 677, we said:

"We are constrained to say in this connection, however, that we see no occasion, in the ordinary administration of the criminal law in this state, for the close rulings on the qualifications of jurors that are constantly brought to our attention. Although a ruling may be technically right, if it must be so doubtful as to raise a fair question as to its correctness, it is far

better to give the accused the benefit of the doubt, to the end that he and all other men may be satisfied that his rights have not been invaded.  Confidence in the fairness and impartiality of each member of a jury which shall be sworn to try a man on a charge involving his life or liberty is of the greatest importance to the welfare of the state.  Indeed, it is of such paramount importance to every citizen that the time and expense necessary to secure jurors as to whom no doubt may rightly exist is an insignificant consideration.''

Certain of the instructions, particularly the one on the subject of self-defense, are challenged.  No exceptions were taken, and hence we cannot review them.  We must assume that on a retrial correct instructions will be given.

For the error pointed out, the judgment must be, and it is,
—*Reversed.*

EVANS, VERMILION, ALBERT, and MORLING, JJ., concur.

STEVENS, J. (dissenting).  I join with the majority in so far as it holds that the challenge to the juror should have been sustained, but I cannot bring myself to hold that the error could possibly have prejudiced the defendant.  It is not claimed that any juror who sat upon the case was incompetent, or that a fair trial was not had because of the error in overruling the challenge to the juror.  There is not, in my opinion, any ground upon which prejudice can be presumed.  *State v. Foster,* 136 Iowa 527.

I would affirm.