WIGGINS, Justice
(concurring specially).
I concur in the decision because we should presume prejudice occurs when the court allows a juror who it should have excluded to sit on the jury. The reason I am writing specially is to state that a logical extension of this rule occurs when the court forces a party to use a peremptory challenge to strike a juror who the court should have removed, but failed to do so, for cause.
Factually, when a party is required to use a peremptory challenge to strike a juror who the court should have excused for cause, that party is unable to use that peremptory strike to remove another questionable juror. In this circumstance, the court allows a questionable juror who should not be on the jury to sit, and we should presume prejudice occurred. This was the rule in State v. Beckwith, 242 Iowa 228, 232, 46 N.W.2d 20, 23 (1951), and State v. Reed, 201 Iowa 1352, 1353-54, 208 N.W. 308, 309 (1926), before this court expressly overruled Beckwith and impliedly overruled Reed in State v. Neuendorf, 509 N.W.2d 743, 746 (Iowa 1993). Although I believe this court was wrong when it overruled Beckwith and Reed, in Neuendorf, we will have to leave this issue for another day when confronted with the proper factual situation.