**IN THE COURT OF APPEALS OF IOWA**

No. 19-1323
Filed December 16, 2020

**MATTHEW JANDREAU,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Plymouth County, Tod Deck, Judge.

    Matthew Jandreau appeals the summary dismissal of his application for postconviction relief. **AFFIRMED.**

    Drew H. Kouris, Council Bluffs, for appellant.

    Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee State.

    Considered by Bower, C.J., and May and Ahlers, JJ.

**MAY, Judge.**

Matthew Jandreau appeals the dismissal of his application for postconviction relief (PCR).  We affirm.

## I.  Background

In March 2012, Jandreau was charged with burglary in the first degree, kidnapping in the third degree, assault with intent to commit sexual abuse, attempted burglary in the second degree, operating a motor vehicle without the owner's consent, and criminal mischief in the third degree.  A jury convicted Jandreau on all counts.  The district court sentenced him to prison.  This court affirmed his convictions but concluded his conviction for assault with intent to commit sexual abuse should merge into his conviction for burglary in the first degree.  *State v. Jandreau*, No. 13-0031, 2014 WL 667690, at *1 (Iowa Ct. App. Feb. 19, 2014).  So we vacated his sentence for assault with intent to commit sexual abuse and remanded.  *Id.* at *6.  Procedendo issued on April 21, 2014.

About three years and seven months later, on December 1, 2017, the Iowa Supreme Court issued its opinion in *State v. Jonas*, 904 N.W.2d 566 (Iowa 2017).  *Jonas* dealt with jury selection*.  See generally* 904 N.W.2d at 571–84.  It held that prejudice is presumed—and automatic reversal is required—when (1) the district court improperly denies a challenge for cause; (2) the defendant "specifically ask[s] for an additional peremptory challenge of a particular juror after exhausting his peremptory challenges" under the Iowa Rules of Criminal Procedure; and (3) "the district court denies the additional peremptory challenge."  *Id.* at 583.

On August 22, 2018, Jandreau commenced this PCR action.  The State filed a motion to dismiss, arguing Jandreau's application was filed outside the

three-year limitation period under Iowa Code section 822.3 (2018). Jandreau resisted. He argued the *Jonas* decision created a new ground of law that he could not have asserted within the three-year period. The district court rejected Jandreau's argument and granted the State's motion. Jandreau now appeals.

## II. Standard of Review

"Our review of the court's ruling on the State's statute-of-limitations defense is for correction of errors of law." *Nguyen v. State*, 829 N.W.2d 183, 186 (Iowa 2013) (quoting *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003)). "Thus, we will affirm if the trial court's findings of fact are supported by substantial evidence and the law was correctly applied." *Id.* (citation omitted).

## III. Analysis

PCR actions are governed by Iowa Code chapter 822. We find the code's meaning in its words. *See Doe v. State*, 943 N.W.2d 608, 610 (Iowa 2020) (noting "in questions of statutory interpretation, '[w]e do not inquire what the legislature meant; we ask only what the statute means'" and "[t]his is necessarily a textual inquiry as only the text of a piece of legislation is enacted into law" (first alteration in original) (citation omitted)); *State v. Childs*, 898 N.W.2d 177, 184 (Iowa 2017) ("Our court 'may not . . . enlarge or otherwise change the terms of a statute as the legislature adopted it.' 'When a proposed interpretation of a statute would require the court to "read something into the law that is not apparent from the words chosen by the legislature," the court will reject it.'" (citations omitted)); *Hansen v. Haugh*, 149 N.W.2d 169, 172 (Iowa 1967) ("It is not the function of courts to legislate and they are constitutionally prohibited from doing so." (citing Iowa Const. art. III, § 1)); *Holland v. State*, 115 N.W.2d 161, 164 (Iowa 1962) ("Ours not to

reason why, ours but to read, and apply. It is our duty to accept the law as the legislative body enacts it."); *Moss v. Williams*, 133 N.W. 120, 121 (Iowa 1911) ("We must look to the statute as it is written . . . .").

Section 822.3 contains a time limit.[1] It states in relevant part:

> All [PCR[2]] applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

Iowa Code § 822.3.

Through this text, the legislature required most PCR claims to "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." *Id.* But the legislature created an exception for claims based on "ground[s] of fact or law that *could not have been raised within the*" three-year period. *Id.* (emphasis added). The three-year "limitation does not apply" to those claims. *See id. But see Penticoff v. State*, No. 19-0975, 2020 WL 5229186, at *2 (Iowa Ct. App. Sept. 2, 2020) (citing cases that recognize an implied limitation period that runs from the appearance of a new ground of fact or law).

For Jandreau, the three-year limitation period began on April 21, 2014, when his unsuccessful direct appeal ended with the issuance of procedendo. But

---

[1] The limitation contained in section 822.3 was enacted in 1984. *See Sahinovic v. State*, 940 N.W.2d 357, 359 (Iowa 2020) (citing 1984 Iowa Acts ch. 1193, § 1 (then codified at Iowa Code § 663A.3 (1985))); *Brewer v. Iowa Dist. Ct.*, 395 N.W.2d 841, 842 (Iowa 1986). Before then, there was "no deadline for" PCR claims. *See Sahinovic*, 940 N.W.2d at 359.

[2] There is a special exception for applicants "seeking relief under section 822.2, subsection 1, paragraph 'f.'" Iowa Code § 822.3. Because Jandreau does not seek relief under section 822.2(1)(f), this exception is not relevant here.

this PCR action was not filed until August 2018, more than three years later. So, at least on its face, this action appears untimely.

As noted, though, Jandreau claims the three-year limitation does not apply. This is so, he contends, because the Iowa Supreme Court's 2017 decision in *Jonas* provides a "ground of . . . law that could not have been raised within the" three-year period. *See* Iowa Code § 822.3.

Our review of Jandreau's argument is governed by *Nguyen*. *Nguyen* explained that a legal argument "could not have been raised" during the three-year limitation period if doing so would have been "fruitless" because the argument lacked "a possibility of success" at that time. 829 N.W.2d at 188 (citation omitted). "[A] ground of law that [has] been clearly and repeatedly rejected by controlling precedent from the court with final decision-making authority is one that 'could not have been raised' as that phrase is used in section 822.3." *Id.* Mere "clarification[s] of the law" or "application[s] of preexisting law" do not qualify. *Id.* (quoting *Perez v. State*, 816 N.W.2d 354, 360–61 (Iowa 2012)); *see also Penticoff*, 2020 WL 5229186, at *2 (citing *Nguyen* and noting the exception does not apply to "a mere 'clarification of the law' or 'an application of preexisting law'" (citation omitted)).

Applying these principles here, we cannot conclude *Jonas* created a "ground of . . . law that could not have been raised within the" three-years following April 2014, when procedendo issued in Jandreau's prior appeal. *See* Iowa Code § 822.3. *Jonas* did not announce a rule that had been "clearly and repeatedly rejected by controlling precedent from the court with final decision-making authority." *Nguyen*, 829 N.W.2d at 188. Indeed, *Jonas* did not overrule any prior supreme court decision. *Jonas* expressly confirmed that *State v. Neuendorf*, 509

N.W.2d 743, 746 (Iowa 1993), in which the supreme court held prejudice would not be presumed from the improper denial of a challenge for cause and the resulting waste of a peremptory challenge[3], "remains good law" in most cases.[4] 904 N.W.2d at 583.

Still, it is fair to say that *Jonas* constituted a development in our law. It limited *Neuendorf* by recognizing a set of cases—those in which a defendant "identifies a particular juror for an additional peremptory challenge [but] the district court denies the additional peremptory challenge"—in which prejudice *will be* presumed. *See id.*

Even so, we cannot say it would have been "fruitless"—or lacking a "possibility of success"—for Jandreau to have argued that the principles recognized in *Jonas* should apply in his case.[5] *See Nguyen*, 829 N.W.2d at 188.

---

[3] In *Neuendorf*, 509 N.W.2d at 747, the supreme court held
> that partiality of a juror may not be made the basis for reversal in instances in which that juror has been removed through exercise of a peremptory challenge. Any claim that the jury that did serve in the case was not impartial must be based on matters that appear of record. Prejudice will no longer be presumed from the fact that the defendant has been forced to waste a peremptory challenge.

[4] To be more precise, *Jonas*, 904 N.W.2d at 583, confirmed *Neuendorf* continues to govern where "the defendant does not specifically ask for an additional peremptory challenge of a particular juror after exhausting his peremptory challenges under the rule."

[5] Indeed, Jandreau could have reasonably argued—and with a reasonable chance of success—for the wholesale abandonment of *Neuendorf*. The defendant in *Jonas* made that very argument in his appellant's brief, which was filed on September 14, 2016. Appellant's Brief and Argument at 1, *Jonas*, 904 N.W.2d 566 (No. 15-1560), 2016 WL 11201014, at *1. He argued the court should
> overrule *State v. Neuendorf*, 509 N.W.2d 743 (Iowa 1993) and return to the previously longstanding rule under *State v. Beckwith*, 46 N.W.2d 20 (Iowa 1951) and *State v. Reed*, 208 N.W. 308 (Iowa 1926) that prejudice is presumed when a defendant is forced to use a peremptory strike against a prospective juror that the district court should have struck for cause.

Seeds of *Jonas* had already been planted through the supreme court's decision in *State v. Mootz*, 808 N.W.2d 207, 226 (Iowa 2012). *Mootz* adopted "an automatic reversal rule" under which prejudice is presumed when an "erroneous ruling on a reverse-*Batson* challenge[6] leads to the denial of one of the defendant's peremptory challenges." 808 N.W.2d at 226. And as the PCR court explained:

> The holding in *Jonas* simply and logically extends the presumption of prejudice in *Mootz* to a situation where there is denial of a peremptory challenge requested by a defendant after an improper denial of a request to strike a juror [for cause.] . . . [T]he holding in *Mootz*, rendered prior to Jandreau's conviction, would not discourage [Jandreau from] raising the issue addressed in *Jonas*. It would do the opposite and indicate that there were unsettled nuances of the applicable law that the court of final decision-making authority was prepared to address plausibly, if not likely, in [Jandreau's] favor.

We agree with the PCR court's reasoning. And we agree that, in light of *Mootz*, the principles recognized in *Jonas* were not "ground[s] of . . . law that *could not have been raised*" by Jandreau "within" his three-year limitation period, which ran from April 21, 2014 to April 21, 2017. *See* Iowa Code § 822.3.

A final point: In his briefing, Jandreau focuses on the state of the law—the "standard"—under which "Jandreau's trial attorney would have operated" at the time of Jandreau's trial in November 2012. This focus could be important when

---

*Id.* at *13.

6 "In *Batson v. Kentucky*, 476 U.S. 79, (1986), the Supreme Court held that a prosecutor could not use his peremptory challenges to engage in purposeful racial discrimination." *Mootz*, 808 N.W.2d at 214–15. "A challenge to the defendant's use of strikes based on purposeful racial discrimination is known as a 'reverse-*Batson* challenge.'" *Id.* at 215 (quoting *United States v. Thompson*, 528 F.3d 110, 115 (2d Cir. 2008)). In *Mootz*, the district court prohibited a defendant from using a preemptory strike against a juror who was identified in the opinion as Hispanic. *Id.* at 213. It appears the district court believed the defendant was striking the juror on racial grounds. *See id.*

deciding whether *trial counsel* provided ineffective assistance.[7]  After all, Iowa courts "do not expect counsel to anticipate changes in the law, and counsel will not be found ineffective for a lack of 'clairvoyance.'"  *Doolin*, 942 N.W.2d at 507 (citation omitted).  Rather, "where the merit of a particular issue is not clear from Iowa law, the test 'is whether a normally competent attorney would have concluded that the question . . . was not worth raising.'"  *Id.* (citation omitted).  This will depend, at least in part, on the state of the law *during* the underlying criminal action *when* trial counsel was representing the defendant.  *Cf. id.* (noting counsel is not ineffective for failing to anticipate changes in the law and suggesting counsel only has a duty to know the current state of the law).

In this appeal, though, we address a different question.  The sole issue here is whether this case is time-barred by section 822.3.  This depends on whether Jandreau's current PCR action is based on "a ground of . . . law that could not have been raised" by filing a PCR application "within" the "three years" after "the writ of procedendo [was] issued" in his direct appeal, that is, the three years between April 21, 2014 and April 21, 2017.  *See* Iowa Code § 822.3.  We believe it is not.  So we conclude this case is time-barred.

## IV.  Conclusion

The principles recognized in *Jonas* were not "ground[s] of . . . law that *could not have been raised* within*" Jandreau's three-year limitation period.  *See id.*

---

[7] To establish a claim of ineffective-assistance of counsel, a claimant must prove two elements: (1) "trial counsel failed to perform an essential duty" and (2) "prejudice resulted."  *State v. Doolin*, 942 N.W.2d 500, 507 (Iowa 2020) (citing *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012) (describing the two-prong test for ineffective-assistance-of-counsel claims set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984))).

(emphasis added). The district court was right to conclude this action is time-barred.

**AFFIRMED.**