# IN THE SUPREME COURT OF IOWA

No. 22–0813

Submitted April 11, 2024—Filed June 7, 2024

**TIMOTHY DUANE SMITH,**

Appellant,

vs.

**STATE OF IOWA,**

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Cass County, Greg W. Steensland, Judge.

Appeal from the denial of postconviction relief for claims of ineffective assistance of counsel in conducting voir dire, failing to alert the court to jury misconduct, and failing to call favorable witnesses. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

McDonald, J., delivered the opinion of the court, in which all participating justices joined. Christensen, C.J., took no part in the consideration or decision of the case.

Gary Dickey (argued) of Dickey, Campbell and Sahag Law Firm, PLC, Des Moines, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester (argued), Assistant Attorney General, for appellee.

**McDONALD, Justice.**

Timothy Smith was convicted of two counts of sexual abuse in the second degree for the sexual abuse of his former stepdaughter, H.R. The court of appeals affirmed his convictions on direct appeal. *State v. Smith*, No. 18–1500, 2020 WL 1307693 (Iowa Ct. App. Mar. 18, 2020). Smith filed an application for postconviction relief. As relevant here, Smith argued his trial counsel provided ineffective assistance (1) in failing to request additional peremptory strikes after the trial court denied his for-cause challenges to four prospective jurors, (2) in failing to move for a mistrial due to claimed juror misconduct, and (3) in failing to call favorable defense witnesses. The postconviction court denied Smith's application for postconviction relief. Smith filed this appeal, and we transferred the case to the court of appeals. The court of appeals held the postconviction court erred in denying Smith's claim regarding trial counsel's failure to request additional peremptory strikes but did not address the remaining claims. The court of appeals reversed Smith's convictions and remanded the case for further proceedings. We granted the State's application for further review. Our review is de novo. *See Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021).

I.

This case presents a constitutional question regarding the adequacy of trial counsel's representation of Smith. The Sixth Amendment to the United States Constitution provides, among other things, "[i]n all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defence." The Sixth Amendment right to counsel is applicable to the states via selective incorporation into the Due Process Clause of the Fourteenth Amendment. *See Gideon v. Wainwright*, 372 U.S. 335, 342–45 (1963). The Iowa Constitution provides a parallel right. Specifically, article I, section 10 of the Iowa Constitution provides that "[i]n all criminal prosecutions, and in cases involving the life, or liberty of

an individual the accused shall have a right . . . to have the assistance of counsel."

The United States Supreme Court has "recognized that 'the right to counsel is the right to the effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). Counsel "plays a crucial role in the adversarial system." *Id.* at 685. "[A]ccess to counsel's skill and knowledge is necessary to accord defendants the 'ample opportunity to meet the case of the prosecution' to which they are entitled." *Id.* (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 275 (1942)). Thus, the mere presence of a lawyer at trial "is not enough to satisfy the constitutional command" of the right to the assistance of counsel. *Id.* "An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair." *Id.*

The defendant's constitutional right to counsel may be violated when the defendant's counsel provides ineffective legal representation. To establish a constitutional claim of ineffective assistance of counsel, the defendant must prove by a preponderance of the evidence both that counsel breached an essential duty and that constitutional prejudice resulted. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). The failure to prove either element defeats the defendant's claim. *State v. Williams*, 695 N.W.2d 23, 28–29 (Iowa 2005). This is because a violation of the "right to effective representation is not 'complete' until the defendant is prejudiced." *Weaver v. Massachusetts*, 582 U.S. 286, 300–01 (2017) (quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 147 (2006)).

To establish that counsel breached an essential duty, the defendant is required to show that counsel did not meet the standard of performance required of "a reasonably competent practitioner." *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012) (quoting *Maxwell*, 743 N.W.2d at 195). This requires proof "that counsel made errors so serious that counsel was not functioning as the 'counsel'

guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. In evaluating an attorney's performance, courts apply a strong presumption that the attorney acted competently. *See id.* at 689 ("Judicial scrutiny of counsel's performance must be highly deferential."). "Improvident trial strategy, miscalculated tactics or mistakes in judgment do not necessarily amount to ineffective counsel." *Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012) (quoting *Hinkle v. State*, 290 N.W.2d 28, 34 (Iowa 1980)). "[A] defendant has a right to effective representation, not a right to an attorney who performs his duties 'mistake-free.' " *Weaver*, 582 U.S. at 300 (quoting *Gonzalez-Lopez*, 548 U.S. at 147).

The concept of constitutional prejudice "is defined in different ways depending on the context in which it appears." *Id.* "[T]he *Strickland* Court cautioned that the prejudice inquiry is not meant to be applied in a 'mechanical' fashion." *Id.* (quoting *Strickland*, 466 U.S. at 696). "It is not enough for the defendant to show that the errors had [only] some . . . effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, typically, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In *Weaver v. Massachusetts*, the Supreme Court assumed that the defendant could also establish prejudice by proving that the "attorney errors rendered the trial fundamentally unfair." 582 U.S. at 300.

The constitutional prejudice standard applies even in cases involving so-called constitutional structural error. "[T]he term 'structural error' carries with it no talismanic significance as a doctrinal matter. It means only that the government is not entitled to deprive the defendant of a new trial by showing that the error was 'harmless beyond a reasonable doubt.' " *Id.* at 299 (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)). Thus, when a defendant timely objects to and preserves a claim of structural error, the defendant is generally

entitled to automatic reversal. *Id.* When a defendant fails to preserve a claim of structural error and instead raises the error in the context of an ineffective-assistance-of-counsel claim, the defendant must still establish constitutional prejudice. *Id.* at 299–300. Courts require a showing of constitutional prejudice because the systemic costs of remedying unpreserved error—even unpreserved constitutional structural error—in postconviction relief proceedings is high. *Id.* at 302–03.

## II.

Smith claims his counsel provided constitutionally ineffective assistance during jury selection. In March 2018, Smith was charged by amended trial information with two counts of sexual abuse in the second degree. The case was tried to a jury in April 2018. During jury selection, four prospective jurors indicated that they expected Smith to testify to defend himself against the charges. They also indicated that they would have difficulty finding Smith not guilty without hearing from him. Smith challenged each of the four jurors for cause. The district court questioned the jurors further, concluded that the jurors were impartial and could follow the court's instructions, and denied the challenges for cause. None of the four challenged jurors served on the jury; the State exercised its peremptory strikes to remove two of the challenged jurors, and Smith exercised his peremptory strikes to remove the other two. Smith's counsel did not request any additional peremptory strikes. Smith contends that his trial counsel was ineffective in failing to request two additional peremptory strikes after he was compelled to use two peremptory strikes to remove two of the four prospective jurors.

## A.

A criminal defendant has two buckets of challenges to use during jury selection. In the first bucket are challenges to individual jurors for cause. Iowa Rule of Criminal Procedure 2.18(5) sets forth fifteen grounds for removing

prospective jurors for cause. For example, an individual juror shall be removed for cause for "[h]aving formed or expressed such an opinion as to the guilt or innocence of the defendant as would prevent the juror from rendering a true verdict upon the evidence submitted on the trial." *Id.* r. 2.18(5)(*k*). An individual juror shall also be removed for cause "[w]here the circumstances indicate the juror would have an actual bias for or against a party." *Id.* r. 2.18(5)(*o*). In the second bucket are peremptory challenges or strikes. *See id.* r. 2.18(10). With some exceptions not applicable here, "[t]he essential nature of the peremptory challenge is that it is one exercised without a reason stated, without inquiry and without being subject to the court's control." *Swain v. Alabama*, 380 U.S. 202, 220 (1965), *overruled by Batson v. Kentucky*, 476 U.S. 79 (1986).

This court's jurisprudence regarding the use of peremptory strikes to remove a juror who should have been removed for cause has changed over time. The original rule was that when the defendant was compelled to use a peremptory challenge to strike a juror who should have been struck for cause, prejudice was presumed, and the defendant was entitled to a new trial. *See State v. Reed*, 208 N.W. 308, 309 (Iowa 1926). In *State v. Reed*, this court explained that the "defendant in a criminal case [has] two kinds of challenges, one for cause and one peremptorily. One of these classes is as valuable to the defendant as the other." *Id.* The trial court "has no right to deprive the defendant of the full number of . . . peremptory challenges given him by overruling challenges for cause and thus requiring a defendant to use his peremptory challenges against jurors to whom the challenge for cause should have been sustained." *Id.* The defendant "is entitled, as a matter of law, to his challenges for cause against disqualified jurors, and to still have available to himself his peremptory challenges." *Id.* When the defendant is compelled to use a peremptory challenge to remove a juror who should have been removed for cause, "prejudice will and should be presumed." *Id. Reed* explained that

> [a]ny other rule would leave a defendant in a position where he might face an entire panel of disqualified jurors with his proper challenges for cause overruled, and be compelled to exhaust his peremptory challenges upon those who should have been excused for cause and thereby be left with no peremptory challenges at all.

*Id.* The rule announced in *Reed* was reaffirmed in *State v. Beckwith*, 46 N.W.2d 20, 23 (Iowa 1951) ("Likewise, it is settled law that if a disqualified juror is left upon the jury in the face of a proper challenge for cause, so that defendant must either use one of his peremptory challenges or permit the juror to sit, and if defendant does use all of his peremptory challenges, prejudice will be presumed.").

In *State v. Neuendorf*, this court concluded that "the time ha[d] come to abandon that rule" and overruled *Reed* and *Beckwith*. 509 N.W.2d 743, 746 (Iowa 1993). We reasoned that the search for prejudice must "focus on the potential for prejudice that flowed from forcing [the] defendant to use a peremptory challenge . . . that might have been used to remove another juror. In the absence of some factual showing that this circumstance resulted in a juror being seated who was not impartial, the existence of prejudice is entirely speculative. We believe[d] it [was] too speculative to justify overturning the verdict of the jury on that basis alone." *Id.* We held that "partiality of a juror may not be made the basis for reversal in instances in which that juror has been removed through exercise of a peremptory challenge. Any claim that the jury that did serve in the case was not impartial must be based on matters that appear of record. Prejudice will no longer be presumed from the fact that the defendant has been forced to waste a peremptory challenge." *Id.* at 747.

Later, in *State v. Jonas*, we reaffirmed that prejudice would no longer be presumed when the defendant is forced to expend a peremptory challenge on a juror that should have been removed for cause, but we also concluded that the defendant could establish prejudice in limited circumstances. 904 N.W.2d 566, 583–84 (Iowa 2017). Under *Jonas*, the defendant can establish prejudice and the

right to a new trial when (1) the district court incorrectly denied a for-cause challenge to an individual juror, (2) the defendant used a peremptory strike to remove the challenged juror, (3) the defendant requested an additional peremptory strike to remove a particular juror, and (4) the district court denied the defendant's request for the additional peremptory strike. *See id.*[1] Requiring trial counsel to request an additional peremptory strike precludes trial counsel from sandbagging the district court and "gives the district court, in a close case, the opportunity to review the court's prior ruling, often rapidly made, and allows the court to avoid error by providing the defendant with an additional peremptive strike after more thorough consideration." *Id.* at 583. The *Jonas* court adopted this actual prejudice rule from cases in Florida and Texas. *See id.* at 581–82 (discussing *Trotter v. State*, 576 So. 2d 691 (Fla. 1990), and *Johnson v. State*, 43 S.W.3d 1 (Tex. Crim. App. 2001) (en banc)).

## B.

The postconviction court concluded that Smith could not prevail on this claim of ineffective assistance of counsel. In Smith's postconviction trial, Smith's counsel testified he had not read the *Jonas* decision prior to trial. He testified he would have accepted additional peremptory strikes if he had known more were available:

> Q. Let me ask it this way. This is going to be a very unfair question, but help me if you can. At the time, did you think that you needed additional strikes in order to get a fair and impartial jury for Mr. Smith?
>
> A. Would I have accepted them if they existed? Absolutely.
>
> Q. Were any of the jurors that actually ended up on the jury ones that you would have liked to have struck?
>
> A. If I remember correctly -- and it's been going on four years now -- I don't believe any of those four made it on to the final jury

---

[1]This procedure is now codified in Iowa Rule of Criminal Procedure 2.18(11).

pool, but I believe that strikes had to be utilized in order to get rid of those that would have otherwise been used for other jurors.

Q. Your recollection is correct. The point was made that four jurors that you specifically took up with [the district court] ends up that you struck two and the State struck two. And hence my question, could you have used additional strikes?

A. To replace the two that I would have used if those jurors would have been struck by the judge?

Q. Right.

A. Absolutely.

Trial counsel could not specifically identify any particular juror or jurors whom he would have challenged with additional peremptory strikes. The postconviction court concluded that Smith failed to establish breach and prejudice.

The court of appeals reversed the district court on this claim. The court of appeals reasoned that "[i]f counsel had requested additional strikes, the [*Jonas*] issue would have been preserved for appeal. If counsel had preserved error, it is reasonably probable that the guilty verdict would be reversed on appeal applying *Jonas*. Thus, counsel's failure amounts to *Strickland* prejudice." One judge dissented, concluding that Smith had failed to show the district court incorrectly denied the for-cause challenges to the four prospective jurors.

C.

We conclude the court of appeals erred in its analysis of Smith's claim of ineffective assistance of counsel and erred in reversing the judgment of the district court. The court of appeals was incorrect to state that if trial counsel had requested additional peremptory strikes, then the *Jonas* issue would have been preserved for appeal and the defendant would have been entitled to automatic reversal. Under *Jonas*, the defendant can establish prejudice only when the defendant requested an additional peremptory strike to strike a particular juror and "the district court denie[d] the additional peremptory challenge." 904 N.W.2d at 583–84. Because trial counsel in this case did not request any additional

peremptory strikes to challenge any particular juror, the district court did not have the opportunity to correct any error. The court of appeals appeared to have assumed that the district court would have denied any such request, but it erred in making that assumption. What the district court would have done in response to a request for additional peremptory challenges is indeterminable at this point. The *Jonas* court anticipated this uncertainty and concluded that when the defendant fails to establish the elements of a *Jonas* claim, "*Neuendorf* remains good law." *Id.* at 583. In other words, "the actual prejudice test of *Neuendorf*, rather than the automatic prejudice test . . . controls." *Id.* at 584.

The court of appeals erred in another respect. Smith's claim here is an ineffective-assistance-of-counsel claim asserted in a postconviction relief proceeding. In a claim of ineffective assistance of counsel, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. This showing of constitutional prejudice is required even where prejudice would have been presumed if error had been preserved. *See Weaver*, 582 U.S. at 299–300. This is due to the fundamental distinction between claims involving preserved error and unpreserved error. When "error is preserved . . . the balance is in the defendant's favor, and a new trial generally will be granted as a matter of right." *Id.* at 305. When an unpreserved error "is raised in the context of an ineffective-assistance claim, however, finality concerns are far more pronounced. For this reason, . . . [the defendant] must show prejudice in order to obtain a new trial." *Id.*

The showing of prejudice necessary to establish a claim of ineffective assistance of counsel arising from the failure to request additional peremptory strikes is a showing that an actually biased juror served on the jury. *See Neuendorf*, 509 N.W.2d at 746. "[P]eremptory challenges are not of constitutional dimension. They are a means to achieve the end of an impartial jury. So long as

the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not" create a constitutional concern. *Ross v. Oklahoma*, 487 U.S. 81, 88 (1988) (citations omitted).

This is the standard applied in both Florida and Texas, the jurisdictions from which this court adopted the *Jonas* rule. As the Florida Supreme Court explained, "the proceeding 'whose result is being challenged' is the trial." *Carratelli v. State*, 961 So. 2d 312, 322 (Fla. 2007). In the context of a trial error, "[*Strickland*] prejudice can be shown only where one who was actually biased against the defendant sat as a juror." *Id.* at 324; *see also Salazar v. State*, 188 So. 3d 799, 820–21 (Fla. 2016) (per curiam) (applying *Strickland* and requiring showing that an actually biased juror sat on the jury); *Verma v. State*, No. 2–03–393–CR, 2004 WL 1798066, at *2 (Tex. App. Aug. 12, 2004) (applying *Strickland* prejudice standard to claim of failure to request additional peremptory strikes); *Suarez v. State*, No. 07–01–0378–CR, 2003 WL 77088, at *1 (Tex. App. Jan. 7, 2003) (applying *Strickland* prejudice standard where counsel failed to request an additional peremptory challenge); *Allen v. State*, No. 01–95–00800–CR, 1997 WL 549374, at *1 (Tex. App. Aug. 29, 1997) ("[A]ppellant claims ineffective assistance of trial counsel because counsel did not preserve error on a challenge for cause by demonstrating that he (1) exhausted the peremptory challenges, (2) requested additional peremptory challenges, (3) identified an objectionable juror, and (4) claimed he would have peremptorily struck the objectionable juror. In reviewing this point, we apply the familiar two-prong test of *Strickland v. Washington*." (citations omitted)).

This is also the standard the court of appeals has applied in other cases raising this same claim of ineffective assistance of counsel. *See King v. State*, No. 22–1370, 2023 WL 8449408, at *4 (Iowa Ct. App. Dec. 6, 2023) (holding that, because a claim of ineffective assistance is a collateral attack on the conviction, the defendant must establish an actually biased juror served on the jury);

*Powell v. State*, No. 18–0542, 2019 WL 2524264, at *8 (Iowa Ct. App. June 19, 2019) (same); *Dixon v. State*, No. 16–2195, 2018 WL 3471833, at *7 (Iowa Ct. App. July 18, 2018) (same). Indeed, after we decided *Jonas*, the defendant in that case raised the same ineffective-assistance-of-counsel claim that Smith raises here. *See Jonas v. State*, No. 20–1180, 2022 WL 1100248, at *1 (Iowa Ct. App. Apr. 13, 2022). The court of appeals denied Jonas's claim because he could not establish *Strickland* prejudice. *Id.* at *2. The court of appeals in this case failed to undertake the relevant prejudice inquiry as firmly established in the relevant precedents, including its own precedents.

Applying the relevant test, we conclude Smith has failed to establish an actually biased juror served on his jury. "Actual juror bias occurs when the evidence shows that a juror, in fact, is unable to lay aside prejudices and judge a case fairly on the merits." *State v. Webster*, 865 N.W.2d 223, 236 (Iowa 2015). The postconviction record reveals that there were several jurors who Smith now believes were not favorable jurors to the defense. He contends that he might have removed these jurors if he had additional peremptory strikes. That is all well and good, but Smith does not have a constitutional right to remove any and all jurors who might not be favorable to him. He has a right to an impartial and unbiased jury. There is nothing in this record that shows any of these jurors were unable to lay aside their prejudices and judge the case fairly on the merits. There is also nothing in the record that shows any other juror who served in this case was partial or was actually biased against Smith. Smith is not entitled to relief on this claim, and the court of appeals erred in holding otherwise.

III.

Smith contends the district court erred in denying his claim that trial counsel provided constitutionally ineffective assistance in failing to move for a mistrial due to alleged jury misconduct. Smith's ex-wife testified at the postconviction trial. She testified she attended the third and final day of Smith's

criminal trial. She testified she was outside smoking during a break on the final day of trial. She observed some of the jurors outside smoking. She allegedly heard one of the jurors say, "[H]e's guilty. No matter what he's guilty." She claims other jurors nodded their heads in agreement. Smith's ex-wife testified that she told Smith's trial counsel about this incident immediately after witnessing it and that Smith's trial counsel did nothing in response. Smith's mother was outside with Smith's ex-wife but did not personally hear the juror making that comment. Smith's mother testified that she was aware Smith's ex-wife was going to report the incident, although she did not see her report the incident.

The district court denied Smith's claim. The district court found Smith's ex-wife and mother's testimony not credible. The district court instead credited Smith's trial counsel's testimony. Trial counsel testified that he had no recollection that this incident was ever brought to his attention. He also testified that if this incident had been brought to his attention, he would have "take[n] it to the judge with the prosecutor" and made a record of it with the trial court. Because the district court found that this incident had not occurred, the district court concluded counsel had not breached any duty in not moving for a mistrial.

We agree that Smith failed to prove his trial counsel breached an essential duty in not moving for a mistrial due to alleged jury misconduct. "Iowa caselaw has long been reluctant to set aside jury verdicts on grounds of jury misconduct. Our traditional cases emphasize that in order for a new trial to be granted based on jury misconduct, it must be shown that the misconduct influenced the jury in reaching its verdict." *State v. Christensen,* 929 N.W.2d 646, 674 (Iowa 2019). The district court found that Smith's ex-wife and mother were not credible and that no misconduct occurred. Even on de novo review, we defer to the postconviction court's credibility finding. *See Wemark v. State,* 602 N.W.2d 810, 818 (Iowa 1999) ("Although we acknowledge a duty for defense counsel to . . . investigate allegations of misconduct, we observe the district court in this case

found no credible evidence of any jury misconduct. We give deference to this finding."); *Wycoff v. State*, 382 N.W.2d 462, 468 (Iowa 1986) (en banc) (deferring to the postconviction court's credibility findings). Because there was no credible evidence of juror misconduct and no credible evidence that the alleged misconduct was reported to trial counsel, Smith failed to establish trial counsel breached an essential duty in not moving for a mistrial. *See Wemark*, 602 N.W.2d at 818 (affirming denial of postconviction relief claim where there was no credible evidence or jury misconduct); *Jones v. State*, No. 02–0854, 2003 WL 22438596, at *3 (Iowa Ct. App. Oct. 29, 2003) (affirming denial of postconviction relief for claim involving juror misconduct where there was no credible allegation of misconduct).

IV.

Smith alleges his trial counsel provided ineffective assistance in failing to call certain witnesses that would have been favorable to Smith's defense. Smith specifically argues his mother, his ex-wife, his daughter, and a Cass County deputy sheriff should have been called to testify for the defense. Smith claims these witnesses would have testified to, among other things, H.R.'s propensity to fabricate stories, the appropriate nature of Smith's and H.R.'s relationship, the fact that the sheriff's office initially declined to pursue the case due to lack of evidence, and that, despite the initial lack of evidence, the sheriff's office decided to pursue its investigation of Smith because of the pressure exerted by H.R.'s biological father.

The district court denied this claim, concluding that "[t]his isn't even a close call." The postconviction record shows that most of what Smith wanted these witnesses to testify to was not admissible. Further, trial counsel did not want to call these witnesses because he "believed it would open the door to even more harmful evidence from the State and contribute to the State's argument

that Smith was alone with the victim." Trial counsel discussed this issue with Smith at the time of trial, "and the decision was made to not call the witnesses."

We conclude the district court did not err in concluding that Smith failed to prove this claim of ineffective assistance of counsel. Smith was required to "demonstrate his trial attorney performed below the standard demanded of a 'reasonably competent attorney.'" *Lamasters*, 821 N.W.2d at 866 (quoting *Strickland*, 466 U.S. at 687). "When trial counsel makes a reasonable decision concerning strategy, we will not interfere simply because the chosen strategy [did] not achieve the desired result." *State v. Wilkens*, 346 N.W.2d 16, 18 (Iowa 1984). Here, counsel made a strategic decision to not call these witnesses because most of the testimony Smith claims would have helped his case would not have been admissible and because calling the witnesses would have bolstered parts of the State's case. Trial counsel discussed this with Smith. This was a reasonable strategic decision that we will not second guess. *See State v. Majors*, 940 N.W.2d 372, 392–93 (Iowa 2020) (holding no breach of duty in failing to call expert witness); *State v. Polly*, 657 N.W.2d 462, 468 (Iowa 2003) ("Generally, the decision not to call a particular witness or the defendant to testify implicates a reasonable tactical decision.").

V.

Smith contends that the cumulative prejudice of these alleged errors establishes *Strickland* prejudice. We disagree that the cumulative prejudice analysis is applicable here. Frequently, defendants cite *State v. Clay* for the proposition that even when the court finds no breach of duty for multiple claims of ineffective assistance of counsel, then the court can still find prejudice from the cumulative impact of nonbreaches. It is an argument that 0+0+0=1. That is a misreading of *Clay*. *Clay* provides only that if a postconviction applicant presents multiple claims of ineffective assistance of counsel and the court finds multiple breaches of duty or the court assumes, without deciding, that there are

multiple breaches of duty by bypassing the breach-of-duty element and proceeding directly to the prejudice element, then the prejudice resulting from those found or assumed breaches can be considered cumulatively. *See Clay*, 824 N.W.2d at 501–02. Here, we have considered trial counsel's performance on two of the three claims raised and found no breaches of duty for those claims. The cumulative prejudice analysis set forth in *Clay* is thus inapplicable here.

For the foregoing reasons, we vacate the decision of the court of appeals and affirm the judgment of the district court.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur except Christensen, C.J., who takes no part.